### GARDNER et al. v. BUFFALO STEAM ROLLER CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1913.)

INJUNCTION (§ 223*)—VIOLATION.

Where, in a pending suit for an injunction to restrain the purchase of a road roller from defendant, the court modified a temporary injunction so as to permit the town to use the roller for a short term, and then by stipulation of all the parties continued such modification until further order of the court, which situation continued until December 4, 1911, when the injunction was made permanent, that the town rented the roller for $10 a day, as authorized by Highway Law (Consol. Laws 1909, c. 25) § 50, and after using the same for 64 days, which was the precise term for which the void contract obligated the town to use the roller during the year, paid defendant $640 therefor, did not show a violation of the injunction, on the ground that the claim for rent was a mere subterfuge; there being no showing that the period of use was beyond the requirement of the town and was continued in bad faith.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 448–473; Dec. Dig. § 223.*]

Robson, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Steuben County.

Action by Jerry L. Gardner and another against the Buffalo Steam Roller Company and others. From an order punishing defendant Roller Company for violating an injunction, it appeals. Reversed, and application to punish denied.

See, also, 136 N. Y. Supp. 254.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Edward R. O'Malley, of Buffalo, for appellant.
James O. Sebring, of Corning, for respondents.

LAMBERT, J. This is a proceeding to punish for contempt, for the disobeying of an injunctive provision of the final judgment in the action. The major facts are fully discussed in an opinion in this same case, handed down at the present term. 140 N. Y. Supp. 634.

The action was commenced May 6, 1911, and on that day an injunction was granted, broad enough to prohibit the use of the steam roller in question, and all payments under the contract attacked, pending the action. By further order, made May 17, 1911, that injunction was temporarily modified, so as to permit the town to use this roller for a short term; and by order of June 10, 1911, made upon the stipulation of the parties, such modification was continued until the further order of the court. There has been no further order made, except by way of judgment in the action, which judgment makes permanent the original injunction, and was rendered December 4, 1911, and affirmed by this court at this term. 140 N. Y. Supp. 634.

February 15, 1912, the town of Cameron, through its supervisor and town superintendent of highways, paid to the appellant $640, in satisfaction of a claim for that amount presented by the appellant for use of the roller at $10 per day for a period of 64 days. It is claimed that such payment was in violation of the injunctive provision of the final judgment, and the Roller Company has been fined for receiving same, upon an adjudication that it was in contempt in so doing.

The moving affidavits are wholly insufficient. The allegations therein, relied upon, are almost entirely upon information and belief, and consist of conclusions of affiants. If the appeal was to be heard upon those affidavits alone, it would involve no difficulty, as such present no facts entitling respondents to any relief.

The answering affidavit, however, presents sufficient facts to present the question involved. From such it appears that, at the time the original injunction was granted, there were highways of the town of Cameron in an unfinished, incomplete condition and unsafe for public use, and for the completion of which the use of a road roller was essential. The modifications, by subsequent orders, expressly permitted the use of this specific roller. The evident purpose of the injunction was to prevent the status of the parties being changed, with reference to the contract involved, pending the determination of the action. Neither of the orders nor the final judgment purported to enjoin the use of this or any other roller, nor the collection of the rentals for such use, unless such use and payment were under and in

pursuance of such contract, attacked in the action. The injunction was not aimed to prevent a lawful use of a roller, and could not be sustained for any such purpose, had it so provided.

By section 50 of the Highway Law (Consol. Laws 1909, c. 25), the fixing by the town board of a rate of rental not exceeding $10 per day of actual use is made the sole prerequisite to a valid contract by the town superintendent, approved by the county superintendent, for leasing a road roller. It is conceded that this town board did approve such rate and did fix the rental at $10 per day. Clearly, then, the town superintendent was authorized to hire this or any other roller for such time as the necessities of the town required. Further, by its orders, the court expressly permitted him to hire this particular roller, when it granted him permission to use it for the town. It is not disputed but that he did use it for 64 days, and it is not made to appear that such use went beyond the requirements of the town.

The adjudication of contempt proceeded upon the theory that the payment in question was made under the void contract and that the presentation of the claim was merely a subterfuge. The record does not sustain any such conclusion. There is no suggestion that such was the fact, beyond the mere circumstance that the period of 64 days, during which the machine was actually used, was the precise term for which the void contract obligated the town to use such roller during such year. But, in the absence of proof that such period of actual user went beyond the requirements of the town, or some evidence of bad faith in so using it for such time, that fact has no significance whatever, and the record is left devoid of proof that the payment was under the contract.

As above indicated, the town officials had a right to lease a roller by express authority of law, and specific authority to lease this particular roller was conferred by the orders made. The town did lease this roller, furnished by appellant. The status of the parties, relative to the contract, remains unchanged, and we are unable to see how either the spirit or letter of the injunction has been violated.

The orders appealed from should be reversed, with $10 costs and the disbursements of this appeal; and the application to punish for contempt should be denied, with $10 costs against the respondents and in favor of the appellant, Buffalo Steam Roller Company. All concur, except ROBSON, J., who dissents.